# IN THE MATTER OF THE APPLICATION OF KOICHI MAEKAWA FOR A WRIT OF HABEAS CORPUS.

## August 12, 1913.

1. *Alien—Domicil—Dangerous contagious disease—Admission:* An alien immigrant owning land in his own country, who comes to the United States for work leaving his wife at home, and after a couple of years returns home, remaining there four years or more during which time a child is born to him, and then returns, without his family, to the United States and is found on applying for admission to be afflicted with a "dangerous contagious" disease, is properly denied the right to land, as under the circumstances he has acquired no domicil in the United States.

2. *Jurisdiction—Dangerous contagious disease:* The court in habeas

corpus proceedings is without jurisdiction to review a finding of the board of special inquiry that an alien applying for admission to the United States is afflicted with a "dangerous contagious" disease.

*Habeas Corpus:* Demurrer to return, and motion to discharge.

*J. Lightfoot* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J. In this case the petitioner first came to Hawaii in August 1906, leaving his wife in Japan. In September 1908 he went back to Japan with the intention as he says of returning to Hawaii. He remained in Japan until January 1913 when he returned to Hawaii, again without his family. During this visit to Japan a child was born to him and was between three and four years old when he came back. He owns land in Japan upon which his family lives, and has no property in Hawaii. The board of special inquiry found that he had not acquired a domicil here and that he was afflicted with unciniarisis, a dangerous contagious disease, and ordered that he be deported to Japan. He took an appeal and the ruling of the board was confirmed. He thereupon applied for a writ of habeas corpus which was issued directed to the inspector in charge and he was brought into court. The return of the inspector was demurred to, and a motion that he be discharged, and a traverse were filed by the petitioner.

The traverse raises the question of the completeness of the medical examination of the petitioner, and denies that he is afflicted with unciniarisis, and that it is a dangerous contagious disease.

[2] The court does not consider, as at present advised, that it has jurisdiction to review the decision of the board as to the rejection of the petitioner on the ground of his having the said disease, the provision of the statute making

such decision, based upon the certificate of the examining medical officer, final. 34 Stat. 901, sec. 10.

[1] The only issue therefore which the court may consider is the question of the petitioner's domicil here, and I am unable to find in the record any facts calling for a conclusion that the petitioner had in his first stay in Hawaii, acquired a domicil. On the contrary all the facts and circumstances strongly support the proposition, that the petitioner, owning land in Japan and leaving his wife residing thereon, only came to Hawaii temporarily—not to establish a home here but to earn money. This view is borne out by his return to Japan after a two years' stay here and settling down there with his wife on his own land for over four years and giving his attention to the cultivation of his farm; and from the further circumstance that on his return to Hawaii thereafter to earn money, the opportunities for doing so being better here than in Japan, he left his wife and child, then nearly four years old, to occupy the Japan residence, as on the occasion of his first departure. There is nothing to show that he abandoned his Japan domicil, but rather that he has retained it and intended to do so.

The demurrer is overruled and the motion for petitioner's discharge is denied, and he is remanded to the custody of the immigration officers, and ordered to pay costs.